[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by the petitioner/appellant, hereinafter referred to as the plaintiff, from an order of the Connecticut Department of Motor Vehicles pursuant to Section 14-227b of the Connecticut General Statutes.
After hearing the evidence and testimony, the court makes the CT Page 4085 following findings and conclusions.
On May 9, 1991, at approximately 6:11 p.m. the defendant was stopped by a Torrington police officer while operating his automobile in that city.
After investigation, the plaintiff was arrested for driving while under the influence of alcohol or drugs in violation of Sec.14-227a, C.G.S. and transported to Torrington Police Headquarters.
At approximately 7:53 p.m., the plaintiff participated in a chemical breath test which indicated that his blood alcohol content (BAC) at the time of that test was 0.172 percent. At approximately 8:43 p.m., the plaintiff participated in a second chemical breath test which indicated that his BAC was 0.153 percent at the time of that test.
On June 5, 1991, the plaintiff was given an administrative hearing by the Connecticut Department of Motor Vehicles (DMV) pursuant to Sec. 14-117b(f), C.G.S.
As a result of than hearing, the defendant DMV on June 6, 1991, ordered a suspension of the plaintiff's operator's license for ninety (90) days, finding the June 5, 1991 hearing was held pursuant to Sec. 14-227b(d), C.G.S., before DMV hearing officer, Jeffery Donahue.
The record contains the results of the two intoximeter tests which were administered after the alleged offense, but contains no expert testimony concerning extrapolation of those results back to the time of the offense.
The record does not indicate that the hearing officer relied on his own special knowledge and/or expertise or judicial notice in determining the plaintiff's BAC at the time of the offense or that he had notified the parties in a timely manner of any intention to do so, as required by Sec. 4-178(7), C.G.S. Feinson v. Conservation Commission, 180 Conn. 421, 428-29, (1980).
The record does indicate that the plaintiff did offer a written report of Brian E. Pape, Ph.D. which was admitted by the hearing officer without objection. (Respondent's Ex. 1).
The report of Dr. Pape was critical of the accuracy of the chemical breath tests to determine the plaintiff's BAC at the time CT Page 4086 of the operation of his car citing "the delay of about 102 minutes between the operation of the vehicle and breath testing and the accuracy of BrAC [BAC] testing." (Ex. 1).
While the court recognizes that the hearing officer is not bound by such evidence or testimony, and while the expertise of Dr. Pape is unclear, there was no other evidence or testimony in the record regarding extrapolation back to operation in this case.
The record discloses no evidence on which the hearing officer could have found the plaintiff's BAC at the time of the alleged offense was equal to or greater than 0.1 percent. In order for the plaintiff's June 6, 1991 suspension to be affirmed, Section14-227b(f)(3) requires the hearing officer to find, affirmatively, ". . .did such person submit to such [chemical] test or analysis and the results of such test or analysis indicated that at the time of the alleged offense the ratio of alcohol in the blood of such person was ten hundredths of one percent or more of alcohol, by weight; . . ." (Emphasis added)
Based on the foregoing facts, the court finds that the evidence presented at the suspension hearing was insufficient to justify suspending the plaintiff's driver's license under Section14-227b. See Marshall v. DelPonte, 27 Conn. 346, 352-353 (1992).
The plaintiff's petition is hereby sustained and the June 6, 1991, decision of the Connecticut Department of Motor Vehicles Adjudication Unit is reversed.
JOSEPH W. DOHERTY, J.